## FRISBY vs. SHERIDAN.

APPEAL from the court of the first district.

If the master of a steamboat leave behind the goods of the freighter; the latter has a right to demand their value, and is not bound to wait till they be brought on the next trip.

Service of the judgment on the bail is not legal.

MARTIN, J. delivered the opinion of the court. The plaintiff charges that the defendant re-ceived from him certain merchandize at Lou-isville, which he undertook to transport, for a certain consideration, to New-Orleans, in his steam boat—but the defendant neglected to transport the said merchandize to New-Or-leans, according to contract, but landed them on a certain island, called Shark island, where-by they were entirely lost to the plaintiff.

The defendant pleaded the general issue, and further, that he received a box of merchandize to be delivered to one Warner, which he has ready in New-Orleans, to be delivered on receiving his freight—that the plaintiff owes him for his passage, &c.

There was judgment for the plaintiff, and the defendant appealed.

B. Atelain, the clerk of the steam boat, deposed the plaintiff promised to pay the defendant his own passage, and that of Warner and his lady, from Louisville to New-Orleans, with the freight of two boxes, shipped by Warner —that the smallest box was delivered on the arrival of the boat to Warner—that the largest box, originally marked A. N. L. was afterwards marked *Warner*. The witness does not recollect whether he or Warner made the alteration; but it was done in the presence of, and with the approbation of Warner. He does not know what was in the box, but was told it contained drugs & medicines. It was shipped by Warner. The plaintiff and Warner and his family came on board together, and had their freight and luggage together. The plaintiff attended to the lady, and Warner to the luggage and freight. He saw the boxes weighed, and

East'n. District.
*Jan'y.* 1825.

FRISBY
*vs.*
SHERIDAN.

FRISBY
*vs.*
SHERIDAN.

Warner had them entered on the cargo book in his name, and he appeared to be the shipper. He does not know who was the owner—there was no bill of lading made out. On the arrival of the boat at New-Orleans, the plaintiff and Warner asked and received their goods, except the largest box, which had by mistake been landed at Shark island—that it is now in New-Orleans, in as good order as when shipped, ready to be delivered on payment of the freight.

Warner deposed he came on as passenger with the plaintiff in the steam-boat. He put on board a box of medicine for the plaintiff, marked A. & L. W.; he informed the clerk it belonged to the plaintiff. On the arrival of the arrival of the boat, the plaintiff, in presence of the witness, applied to the defendant for the box. The defendant told him he would look for it, and begged him not to be uneasy. On a second application, the defendant told the plaintiff he would get it or send for it the next trip. The witness saw the plaintiff nailing up the box, and knew it contained medicines. The plaintiff packed it up in Louiston, state of New-York. The witness assisted in re-packing it at Louisville; and according to his recollec-

East'n. District.
*Jan'y.* 1825.

FRISBY
*vs.*
SHERIDAN.

tion, its contents were, as stated in the account annexed to the petition. After the list or account was made out, other articles were put into the box, the value of which he does not recollect.

The witness is neither a physician nor an apothecary; but has some knowledge of drugs. He never dealt in medicines or drugs. He has never seen the box since he saw it on board. He does not recollect every article contained in the list annexed to the petition, as being contained in the box; but the principal part of them; as he examined and took out most of them: but did not weigh any of them. He nailed up the box after re-packing it. There was a small hole in a corner of the box, covered with leather. The plaintiff engaged to pay the witness' passage and his lady's.

Chastant deposed the defendant left a box at Morgan's store, the witness does not know when. The plaintiff came and opened it: the witness observed it contained medicines: it appeared outwardly in good order, and the witness did not notice any broken bottles.

Dixon, the plaintiff's witness and a druggist, says the medicines are high charged and there ought to be a deduction of 20 per cent to re-

FRISBY
*vs.*
SHERIDAN.

duce them to the New-Orleans prices. He does not include in this the surgical instruments; they cost from $50 to $300.

Christy deposed that the common law of England generally prevails in Kentucky.

Magee deposed that about two months ago, the defendant left a box to be delivered to any one bringing an order for it, with his bill to be paid by the person taking the box away. On his last voyage the defendant left another box like it, with the only difference that the last had a piece of leather on one of the corners. The witness was directed to deliver this to the plaintiff on his paying the defendant's bill for about eighty or ninety dollars. The plaintiff, on receiving notice, came and recognized his box, opened it, and said several articles were missing. It appeared externally in good order, with the exception of one of the nails raised up, or having given way a little; so that there was a space to introduce part of the hand on the side. The box, when opened, was full, and the top covered with empty bottles and corks. He did not observe any thing broken. The two-thirds of the contents did not appear at all damaged but in good order. Among the articles which the plaintiff said were

missing, he mentioned a case of surgical instru- ments.

Warner recalled, deposed there was a case of surgical instruments packed in the box.

We think the district judge did not err. The defendant negligently suffered the box to be landed on the way, and had it not ready to be delivered, on the arrival of the boat at the place of delivery. The plaintiff had a right to procure other drugs, and was not bound to wait.

After judgment execution issued, and the defendant obtained on the plaintiff a rule to shew cause why the execution should not be set aside on the ground that he was not served with a copy of the judgment, and the suit was discharged.

The service of the copy of the judgment appears from the sheriff's return. He says he served the copy of the judgment on John Morgan, Esq. The record shews that John Morgan was the defendant's bail and witness, and received the box of drugs to be delivered to the plaintiff. This does not enable us to say the copy of the judgment was legally served on him.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court,

East'n. District.
*Jan'y.* 1825.

FRISBY
*vs.*
SHERIDAN.

be affirmed, and that the discharge of the rule to shew cause why the execution should not be set aside, be annulled, avoided and reversed, and that the rule be made absolute and the execution avoided, and that the plaintiff and appellee, pay costs in this court.

*Ripley* for the plaintiff, *Seghers* for the defendant.